[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12219
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00577-WS-CAS

COREY MILLEDGE,

                                                    Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY, et al.,

                                                    Defendants,

GRAY ENGLISH,
Assistant Warden,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 10, 2019)

Before MARCUS, WILSON and HULL, Circuit Judges.

PER CURIAM:

Corey Milledge, a state prisoner proceeding pro se, appeals following an order granting summary judgment in favor of Assistant Warden Gary English in his § 1983 action alleging that English violated his Eighth Amendment rights by not protecting him after he informed him that his cellmate threatened him and he feared for his life, and then the cellmate attacked and injured him. On appeal, Milledge argues that: (1) the district court erred in granting summary judgment in favor of English because it did not view the evidence in a light most favorable to him and that there was a genuine issue of material fact; and (2) the district court abused its discretion in denying his motion to alter or amend the judgment. After thorough review, we affirm.[1]

We review de novo a district court's grant of summary judgment, viewing all evidence and reasonable factual inferences drawn from it in the light most favorable to the nonmoving party. Crawford v. Carroll, 529 F.3d 961, 964 (11th Cir. 2008). We review the district court's denial of a motion for reconsideration for abuse of discretion. Rodriguez v. City of Doral, 863 F.3d 1343, 1349 (11th Cir. 2017). "A court abuses its discretion if it incorrectly applies the law." Id. We may affirm on any ground supported by the record. LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014).

---

[1] Milledge's complaint also named several other defendants but because he does not challenge on appeal anything pertaining to those defendants, he has abandoned any issue as to those defendants. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001).

2

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford, 529 F.3d at 964. The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within 28 days after the entry of judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and alterations omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quotations and alterations omitted).

The Supreme Court has held that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation

3

omitted).  The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement, which includes the responsibility to "take reasonable measures to guarantee the safety of the inmates."  Id. (quotation omitted).  This means that "prison officials have a duty [] to protect prisoners from violence at the hands of other prisoners."  Id. at 833.  This is because "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  Id. at 834 (quotation omitted).  However, not every injury suffered by one prisoner at the hands of another translates into a constitutional violation by prison officials who are responsible for the victim's safety.  Id.

The Supreme Court has held that "a prison official violates the Eighth Amendment only when two requirements are met."  Id.  "First, the deprivation alleged must be, objectively, sufficiently serious" in that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. (quotations omitted).  In a case involving "a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.  Second, the prison official must have acted with deliberate indifference to inmate health or safety.  Id.  This requires the prison official to "actually (subjectively) know[] that an inmate is facing a substantial risk of serious harm, yet disregard[] that known risk by failing to respond to it in an

4

(objectively) reasonable manner." Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (footnote omitted). Additionally, the inmate must also "demonstrate a causal connection between the prison official's conduct and the Eighth Amendment violation." Id.

As for the subjective component of an Eighth Amendment claim, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quotation omitted). The Supreme Court has held that this determination "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Farmer, 511 U.S. at 842. Thus, prison officials can avoid Eighth Amendment liability by showing (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger," (2) "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (3) that they "responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844 (quotation omitted).

To have subjective knowledge, the plaintiff "must show more than a generalized awareness of risk." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1101-02 (11th Cir. 2014) (quotation omitted). Mere knowledge of a substantial risk of serious harm "is insufficient to show deliberate indifference."

5

Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1583 (11th Cir. 1995).  Thus, a plaintiff must produce evidence that, with knowledge of the substantial risk of serious harm, the government official knowingly or recklessly "disregard[ed] that risk by failing to take reasonable measures to abate it." Id. (quotation omitted).

In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the plaintiff was attacked by the inmate in the next cell when all of the cell doors simultaneously opened and a violent riot began. Id. at 1298-99.  The plaintiff alleged that his attacker had threatened him previously, that he had notified prison officials of the threats, and that the cell doors in his housing unit had opened before. Id. at 1298, 1301.  However, he did not allege that he and his attacker had ever been released "at the same time . . . in an unsupervised or chaotic environment" or that "all 32 doors in [his dorm] had ever opened simultaneously, creating the conditions for a prison riot." Id. at 1301.  Because "[t]here must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference," a panel of this Court held that Brooks had failed to "plausibly allege a strong likelihood of serious harm" and his deliberate indifference claim failed. Id. (quotation omitted).  Notably, the Eighth Circuit has held that "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Pagels v. Morrison, 335 F.3d 736, 740-41 (8th Cir. 2003) (quotation omitted).

Here, the district court did not err in granting summary judgment in favor of English.  The most the record before us reveals is that Milledge may have informed officials of a single threat directed toward him by his cellmate.   We've held, in certain circumstances, that an inmate warning a prison official of another inmate's threat can constitute evidence that the official was subjectively aware of the substantial risk of serious harm -- if, for example, other instances of violence had occurred between them.  See Caldwell, 748 F.3d at 1101 (holding that summary judgment was improper where the plaintiff inmate presented evidence that he had told prison officials that he feared for his life if he was returned to the same cell and that his cellmate had a violent past, had started a severe fire in the cell while the plaintiff was there, and had used the plaintiff's personal items as tinder for the fire); Rodriquez, 508 F.3d at 618-19 (holding that summary judgment was not proper where the inmate had been returned to the general population after being segregated from the general prison population for security purposes, had informed the assistant warden twice that his life had been threatened multiple times by his former gang who were prisoners in the prison's general population, and had requested by means of a written and verbal communication to be placed in protective custody).

But this case is nothing like those.  Milledge did not present any evidence beyond informing officials of only a single threat, offering no other risk factors

7

present for a prison official to draw the inference that he faced a substantial risk of harm. Indeed, as the record reveals, the two cellmates had been housed together in the same cell without incident for approximately one month prior to the altercation giving rise to the lawsuit, and Milledge had not been previously segregated for security reasons. There is no allegation or indication that the two inmates were involved with rival gangs or had any issues related to race, debt, romance, or anything else that might render one an excessive danger to the other. Nor is there any evidence that Milledge knew or reported that his cellmate had any other type of weapon. Because "[t]here must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference," Brooks, 800 F.3d at 1301, we cannot say that a single threat, on the circumstances of this case, is sufficient by itself to constitute a substantial risk of serious harm.

Finally, the district court did not abuse its discretion in denying Milledge's motion for reconsideration. The motion for reconsideration essentially asked the district court to review its prior ruling because Milledge disagreed with its treatment of facts and legal conclusions. However, the motion could not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. Arthur, 500 F.3d at 1343. In any event, for

8

similar reasons that summary judgment was appropriate, the district court did not misapply the law. Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] There is also no merit to Milledge's claim that the district court abused its discretion in dismissing an unserved defendant, Warden Scott Middlebrooks.